UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOMENICA ALBERTA S.,

                                **Plaintiff,**

    v.                                                                     6:21-CV-379

COMMISSIONER OF SOCIAL SECURITY,

                                **Defendant**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

Domenica Alberta S. ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits. Plaintiff moves for reversal of the Commissioner's decision and remand for further proceedings. *See* Dkt. No. 13. The Commissioner moves for judgment on the pleadings. *See* Dkt. No. 20. The matter was referred to the Hon. Christian F. Hummel, United States Magistrate Judge, for a Report and Recommendation in accordance with General Order 18 and Local Rule 72.3(d). *See* Dkt. No. 4.

The Report-Recommendation and Order, dated July 25, 2022, recommends that the Court deny the Plaintiff's motion for judgment on the pleadings, grant the Commissioner's motion, and affirm the Commissioner's decision. *See* Dkt. No. 21.

Plaintiff filed objections to the Report-Recommendation, *see* Dkt. No. 22, which the Commissioner opposes. *See* Dkt. No. 23.

## II.     STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are lodged, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997)(The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). "'A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion.'" *John L. M. v. Kijakazi*, 5:21-CV-368 (BKS/TWD), 2022 WL 3500187, at *1 (N.D.N.Y. Aug. 18, 2022)(quoting *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted)). "Properly raised objections must be 'specific and clearly aimed at particular findings' in the report." *Id*. (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). "Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error." *Id*. (citing *Molefe*, 602 F. Supp. 2d at 487). "To the extent a party makes 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments' set forth in the original submission, the Court will only review for clear error." *Id.* (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted)).

After reviewing the report and recommendation, the Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

### a. Consistency of Dr. Chung's opinion

Judge Hummel found that the ALJ did not adequately address the consistency factor, 20 C.F.R. § 404.1520c(c)(2), when evaluating Dr. Matthew Chung's opinion. However, Judge Hummel also noted that "in a recent summary order, the Second Circuit explained that '[d]espite [] procedural error, [the Court] could affirm if a searching review of the record assures [the Court] that the substance of the [regulation] was not traversed.'" Rep. Rec. at 21 (quoting *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (summary order)(internal quotation marks omitted), in turn quoting *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019)). Then, similar to the procedure employed by Magistrate Judge Dancks in the then-unresolved report recommendation in *John L. M. v. Comm'r of Soc. Sec.*, No. 5:21-CV-368 (BKS/TWD), 2022 WL 2800902, at *7 (N.D.N.Y. July 18, 2022),[1] Judge Hummel reviewed the record to determine whether the ALJ's consistency analysis, including the treatment of Dr. Chung's limitations, was supported by substantial evidence and found that it was. Rep. Rec. at 23-26. Accordingly, Judge Hummel concluded that "any error in the ALJ's failure to explain his consideration of the consistency factor is harmless." *Id.*, at 26.

---

[1] The report and recommendation in *John L. M.* was adopted by the district court after Judge Hummel issued his report recommendation in this case. *See John L. M. v. Comm'r. of Soc. Sec.*, 5:21-CV-368 (BKS/TWD), 2022 WL 2800902, at *1 (N.D.N.Y. July 18, 2022), *adopted sub nom. John L. M. v. Kijakazi*, 5:21-CV-368 (BKS/TWD), 2022 WL 3500187 (N.D.N.Y. Aug. 18, 2022).

Plaintiff argues that Judge Hummel improperly relied upon *John L. M.;* that *Loucks* does not necessarily excuse procedural error and that precedent in this District indicates that "a court should not uphold the ALJ's decision—even when there is substantial evidence to support it—if it is based on legal error," *Craig R. v. Berryhill*, No. 18-CV-630, 2019 WL 4415531, at *1 (N.D.N.Y. Sept. 16, 2019) (Kahn, J.) (citing *Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir. 1998)); that Judge Hummel engaged in impermissible post hoc rationalization and reweighing of the evidence to justify his position; and that remand is required because of the existence of procedural error regarding a consistency of Dr. Chung's opinion.  Dkt. No, 22.

Judge Hummel did not improperly rely upon an unresolved report recommendation in reaching his conclusion, but only fashioned his approach to the situation here in a manner similar to that utilized by Judge Dancks.

Furthermore, Judge Hummel did not engage in improper post-hoc reweighing of the evidence, but rather reviewed the evidence in the record to determine whether the ALJ's error was harmful thus requiring remand.  As Judge Hummel correctly pointed out, the consistency factor at § 404.1520c(c)(2) contrasts a medical opinion with the overall record. Rep. Rec. at 20 (citation omitted). Despite Plaintiff's argument that she "provided ample evidence to show Dr. Chung's opinion is consistent with the record as a whole," Dkt. No. 22 at 3, Judge Hummel correctly noted that the ALJ discussed the records Plaintiff relies on in her brief.  Rep. Rec. at 24. That includes all of the medical opinions, Plaintiff's x-rays and MRI results, the fact that she was fired from her job for being unable to perform required duties, and her testimony that she had difficulty sleeping as well as pain and

swelling in multiple parts of her body. *See* Tr. 22-24.

Judge Hummel remarked that Plaintiff did not identify any additional evidence that the ALJ failed to discuss in his opinion. Rep. Rec. at 25. Moreover, the ALJ pointed out that contrary to Dr. Chung's opinion, neither the consultative examiner, Dr. Kautilya Puri, nor the state agency physicians, Drs. D. Miller and Gary Ehlert, found that Plaintiff had limitations regarding the ability to stay on task or a need for additional breaks. *See* Tr. 22-24. Furthermore, Plaintiff's generally benign physical examinations, during which she reported improvement in her symptoms, are referenced earlier in the ALJ's decision, Tr. 25, and in Magistrate Judge Hummel's review of the record. Rep. Rec. at 25-26. Such a review by Judge Hummel was proper under the circumstances. *See Estrella*, 925 F.3d at 96 (where Commissioner has committed a procedural error, reviewing court must conduct "a searching review of the record" to determine whether "the substance of [the relevant regulation] was not traversed"); *Kami B. v. Saul*, No. 5:18-cv-1497 (DJS), 2020 WL 247279, at *6 (N.D.N.Y. Jan. 16, 2020) (looking to ALJ's overall decision to determine that he ALJ's weighing of an opinion was supported). The Commissioner argues that Judge Hummel did not reweigh the evidence, but rather found that (1) the ALJ considered the evidence of record; and (2) there is substantial evidence supporting the ALJ's overall conclusion that Dr. Chung's opinion was not consistent with the record as a whole.

> While the Court agrees that *Loucks* does not suggest that a substantial evidence review can cure a procedural error, the Court disagrees that *Loucks* is as narrow as Plaintiff argues. In *Loucks*, the Court recited the well-settled principle that "[d]espite [an] ALJ's procedural error," a reviewing court can affirm if "a searching review of the record assures [the court] that the substance of the [regulation] was not traversed." 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829 (quoting *Estrella*, 925 F.3d at 96). Thus, while a reviewing court may not affirm the Commissioner's decision based on

5

an impermissible post-hoc rationalization, it may affirm where the ALJ's consideration of the relevant factors can be gleaned from the ALJ's decision as a whole. *See Ricky L. v. Comm'r Soc. Sec.*, No. 20-cv-7102, 2022 WL 2306965, at *4, 2022 U.S. Dist. LEXIS 113151 (W.D.N.Y. June 27, 2022) ("[I]insofar as the Court can adequately 'glean' how the ALJ weighed the consistency and supportability factors for Dr. Sandler's opinion, the Court finds the ALJ's procedural error harmless as 'the substance of the [regulation] was not traversed.'" (first quoting *Brenda W. v. Comm'r of Soc. Sec.*, No. 20-cv-1056, 2022 WL 446462, at *5 n.5, 2022 U.S. Dist. LEXIS 26451 (W.D.N.Y. Feb. 14, 2022); and then quoting *Loucks*, 2022 WL 218293, at *2, 2022 U.S. App. LEXIS 16829)); *see also Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When ... the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." (citation omitted)). Thus, Plaintiff is incorrect that procedural error alone requires remand as a matter of law.

*John L. M. v. Kijakazi*, 5:21-CV-368 (BKS/TWD), 2022 WL 3500187, at *2 (N.D.N.Y. Aug. 18, 2022).

Here, Judge Hummel's searching review of the record provides a basis for the Court to adequately 'glean' how the ALJ weighed the consistency factor for Dr. Chung's opinion. Judge Hummel properly concluded that the ALJ's procedural error was harmless as the substance of the consistency regulation was not traversed.

Accordingly, Plaintiff's objections in this regard are overruled.

### b. Supportability of Dr. Chung's opinion

Plaintiff next argues that the Court should reject Judge Hummel's findings that the ALJ properly considered the supportability of Dr. Chung's opinion. In this regard, Plaintiff merely contends that although Judge Hummel found that the ALJ's RFC determination was supported by substantial evidence, he "again relied on post hoc rationalizations of the evidence and improperly reweighed the evidence in making this determination." Dkt. No,

22 at 4. Plaintiff's objection in this regard is overruled.

As the Commissioner argues, Plaintiff's allegation that Judge Hummel relied on post hoc rationalizations is underdeveloped in that plaintiff fails to make any specific showing of factual or legal error by Judge Hummel. Furthermore, as the Commissioner argues, Judge Hummel reasonably concluded that "the ALJ did not misconstrue or substitute his own opinion for Dr. Chung's [and] his conclusion that Dr. Chung's stated limitations are not supported by his treatment notes is supported by substantial evidence." Rep. Rec. at 30. Judge Hummel explained that "it was not unreasonable for the ALJ to conclude that because plaintiff was consistently improving, Dr. Chung's stated limitations were unsupported by the treatment records." Rep. Rec. at 32 (internal citation omitted). Plaintiff's argument that Judge Hummel improperly considered the supportability of Dr. Chung's opinion is, as the Commissioner argues, essentially a request to reweigh the evidence considered by the ALJ.

Furthermore, Judge Hummel properly concluded that "there is nothing in the record of Dr. Chung's medical opinion that indicates that even with the improvement in her pain, plaintiff's symptoms maintained a level [of] severity that interfered with her ability to engage in work-related activities." Rep. Rec. at 33. As the Commissioner argues:

> For example, Magistrate Judge Hummel noted that after Plaintiff started treating with Dr. Chung in October 2019, she reported improvement in her symptoms following each appointment with him. (ECF No. 21 at 30-32 (citing Tr. 405-406, 420, 423, 424, 427, 428, 430, 435, 459)). And as the ALJ discussed, Dr. Chung's treatment notes were replete with normal examination findings, which reasonably undercuts any degree of support for more significant functional restrictions. *See Schillo v. Kijakazi*, 31 F.4th 64, 77 (2d Cir. 2022) ("An ALJ may . . . discount a treating physician's opinion—regardless of its form—if it is not supported by substantial evidence in the record.").

7

Dkt. No. 23 at 6.

Inasmuch as Judge Hummel's review of the record provides a basis for the Court to adequately 'glean' how the ALJ weighed the supportability factor for Dr. Chung's opinion, Judge Hummel properly concluded that the ALJ's procedural error was harmless as the substance of the regulation was not traversed. Accordingly, Plaintiff's objection in this regard is overruled.

### c. Form and Nature of the ALJ's RFC Statement

Plaintiff's final objection alleges that Judge Hummel failed to address Plaintiff's concerns or to provide any recommendation regarding whether the typographical error in the ALJ's RFC header requires remand. Dkt. No. 22 at 5. However, Plaintiff's assertion is directly contradicted by Magistrate Judge Hummel's recommendation. *See* Dkt. No. 21 at 6-9. Magistrate Judge Hummel explicitly considered the typographical error and found that it did not warrant remand. *Id.* at 6-9. As this is little more than a conclusory objection and reiteration of her original argument, it is subject only to review for clear error and the Court finds none. Furthermore, even under de novo review, the Court finds no error. Plaintiff's objection in this regard is overruled.

## IV.   CONCLUSION

Having reviewed the record de novo and having considered the issues raised in the Plaintiff's objections, this Court has determined to accept and adopt the recommendations of Judge Hummel for the reasons stated in the Report-Recommendation and Order. Therefore:

The Plaintiff's objections, Dkt. No. 22, to Judge Hummel's

Report-Recommendation and Order are hereby **OVERRULED**. The Report-Recommendation and Order, Dkt. No. 21, is hereby **ACCEPTED AND ADOPTED**. The Commissioner's motion for judgment on the pleadings, Dkt. No. 20, is hereby **GRANTED**. The Plaintiff's motion for judgment on the pleadings, Dkt. No. 13, is hereby **DENIED**. The ALJ's decision is hereby **AFFIRMED**. The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: September 30, 2022

Thomas J. McAvoy
Senior, U.S. District Judge